UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAIME JENSEN,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>NATROL, LLC,<br><br>　　　　　Defendant. | Case No. 17-cv-03193-VC<br><br>**ORDER DENYING CROSS-MOTIONS FOR SUMMARY JUDGMENT**<br><br>Re: Dkt. Nos. 61, 78, 80 |

　　　　Both parties' motions for summary judgment are denied. There is a genuine factual dispute about whether Natrol's assertions that mega-doses of biotin "Promote[] Healthy Hair and Strong Nails" are false or misleading. Dkt. No. 12-1 at 2; *cf. Sonner v. Schwabe North America, Inc.*, 911 F.3d 989, 992-93 (9th Cir. 2018) (clarifying that the typical summary judgment standard applies in food labeling cases).

　　　　Jensen's evidence comes by way of her expert, Dr. Wolf, who explains that: (i) biotin serves a limited but basic role in normal cellular metabolism; (ii) the average western diet gives the typical person more than enough of it; and (iii) excess biotin is excreted through the urine. Given its limited role and its abundance in a typical diet, Wolf concludes "that the Defendant's biotin products do not provide any benefits to the general population and, thus, they do not help support healthy hair, [or] strong nails . . . . These biotin supplements, such as Defendant's, are superfluous and unnecessary." Wolf Report at ¶ 11, Dkt. No. 63-3. A reasonable jury could base a verdict for Jensen on Wolf's analysis and conclusion. *Cf. Mullins v. Premier Nutrition Corp.*, 178 F. Supp. 3d 867, 876-77 (N.D. Cal. 2016); *Racies v. Quincy Bioscience, LLC*, No. 15-CV-00292-HSG, 2016 WL 5746307, at *2, 6-7 (N.D. Cal. Sept. 30, 2016). In other words, a jury

could conclude that even though a normal amount of biotin plays an active role in every healthy cell, including in hair and nail cells, it is misleading to suggest that mega-doses provide a benefit to hair and nails beyond the biotin that the vast majority of people get through their regular diets. Nor does it matter that 0.00138 of the population may require pharmacological doses of biotin to treat one of three rare biotin-related diseases. Natrol's assertions about its product are not directed to that small subset of the population, and thus a reasonable jury would still find the label misleading for the average consumer if it decided to credit Wolf's testimony. *See Dachauer v. NBTY, Inc.*, 913 F.3d 844, 849 (9th Cir. 2019) (defining misleading in terms of "normal conditions of use"). Natrol's remaining critiques of Wolf's report go to its persuasiveness, an issue for the jury, rather than its admissibility.[1]

Natrol's evidence comes by way of two expert reports and a host of small trials, scientific reviews, and animal studies. This evidence seems quite shaky, but Jensen's primary critiques of it go more to its persuasiveness than its admissibility. *See In re Roundup Products Liability Litigation*, No. 16-MD-02741-VC, 2018 WL 3368534, at *4-5 (N.D. Cal. July 10, 2018). The evidence – taken in the aggregate – is sufficient to carry Natrol's defense past the summary judgment stage.

Jensen's motion to strike Natrol's expert testimony and several of its supporting articles is also denied. The articles, while not disclosed in the experts' reports, were cited to Jensen with enough opportunity to contest them. The Court also does not find the experts categorically unqualified. Dr. Schauss's experience with supplement labeling makes up for his lack of specific experience with biotin. And Dr. Novick's testimony may prove helpful at least for the limited

---

[1] Jensen has both constitutional and statutory standing to challenge the statements on the products' labels because she presents evidence that she relied on them, at least in substantial part. *See In re iPhone Application Litigation*, 6 F. Supp. 3d 1004, 1020 (N.D. Cal. 2013); Judicial Council of California Civil Jury Instructions (May 2019 Supp.), at 374. Jensen testified that she read the label, read that it was good for hair and nails, and purchased it to help her hair grow a little faster and her nails get a little stronger. *See* Jensen Depo. At 66-69, Dkt. No. 81-1. True, Jensen also testified that she remembered that someone had once recommended the product to her, but that admission is insufficient to overcome her reliance on the label at the time of purchase. And a reasonable jury could find that "promotes healthy hair" includes helping hair grow.

purpose of contextualizing the IOM's adequate intake value.

**IT IS SO ORDERED.**

Dated: July 25, 2019

VINCE CHHABRIA
United States District Judge