UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAIME JENSEN,<br><br>    Plaintiff,<br><br>  v.<br><br>NATROL, LLC,<br><br>    Defendant. | Case No. 17-cv-03193-VC<br><br>**ORDER DENYING MOTION FOR CLASS CERTIFICATION**<br><br>Re: Dkt. No. 120 |

  For the reasons discussed at the hearing, the motion for class certification is denied without prejudice to filing a renewed motion on a stronger evidentiary record. To summarize:

  1. Jensen appears to concede (correctly) that Natrol is not liable to people who take biotin supplements to alleviate biotinidase deficiency or other rare biotin-related genetic disorders. Yet she seeks to certify a class of all people who purchased Natrol's biotin supplements—including people who have those rare disorders. Such a class cannot be certified. Under Ninth Circuit law, it must be at least "possible" that each class member suffered an injury at the hands of the defendant. *Torres v. Mercer Canyons Inc.*, 835 F.3d 1125, 1137 n.6 (9th Cir. 2016). More generally, the class definition must be "reasonably co-extensive" with the plaintiff's "chosen theory of liability." *Id.* at 1136-37. If the proposed class includes a distinct subset of members who were not misled, who were not injured, who could not possibly recover, and who would be easy to weed out at the front end, then the proposed class membership does not "fit the theory of legal liability." *Id.* at 1138. This is why, for example, classes are typically defined to include only people whose claims arose within the applicable limitations period.

  2. There would presumably be nothing wrong with excluding the small number of people

with biotinidase deficiencies from the class definition, and requiring class members to attest in claim forms to the fact that they do not suffer from the disorders that require the use of biotin supplements. *See Briseno v. ConAgra Foods, Inc.*, 844 F.3d 1121, 1131 (9th Cir. 2017). But on the current record, excluding people with biotinidase deficiencies would create another problem for Jensen: her proposed measure of aggregate damages is a full refund of all money from sales of Natrol's biotin supplements nationwide. If purchasers with biotinidase deficiencies are not entitled to refunds and are therefore excluded from the class, this approach to damages is likely inadequate. *See Comcast Corp. v. Behrend*, 569 U.S. 27, 35 (2013) ("[A] model purporting to serve as evidence of damages in [a] class action must measure only those damages attributable to [the plaintiff's] theory. If the model does not even attempt to do that, it cannot possibly establish that damages are susceptible of measurement across the entire class for purposes of Rule 23(b)(3)."); *see also* Cal. Bus. & Prof. Code § 17203 (restitution available under the UCL only for money or property "which may have been acquired by means of such unfair competition.").

    3. Jensen suggests that since only 0.00138 percent of people in the general population have biotinidase deficiencies, the Court could, in awarding class damages, simply deduct that percentage from the total amount of money from all Natrol's retail sales. But that is facile. There is no basis for assuming that the biotinidase deficiency rate within the universe of people who purchase biotin supplements is similar to the biotinidase deficiency rate within the general population—after all, the evidence in the record (not to mention common sense) suggests that some people with biotinidase deficiencies are told by their doctors to use over-the-counter biotin supplements. Dkt. 121-9 at 18. And Jensen has provided no evidence from which the Court or a jury could arrive at a reasonable estimate of the percentage of Natrol's sales that went to biotinidase-deficient customers.[1]

***

---

[1] Incidentally, if Jensen continues to use an aggregate damages model on a renewed motion for class certification, she should demonstrate that damages can be reasonably calculated even if the class is not nationwide but is instead limited to multi-state or California purchases.

A case management conference is scheduled for February 12, 2020 at 10:00 a.m. for the purpose of setting a schedule for adjudication of a renewed motion for class certification. A joint case management statement is due seven days prior. The statement need not follow the standard format required by the local rules.

**IT IS SO ORDERED.**

Dated: January 27, 2020

VINCE CHHABRIA
United States District Judge